UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM PHILLIPS,

                              Plaintiff,

v.                                                        5:13-CV-00927
                                                           (DNH/TWD)

NEW YORK STATE and
DISTRICT ATTORNEY,

                              Defendants.
_____

APPEARANCES:

WILLIAM PHILLIPS
Plaintiff *pro se*
11 Greenbush Street
Cortland, NY 13045

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

     The Clerk has sent this *pro se* Complaint together with an application to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1 and 2.) Plaintiff William Phillips has commenced this civil rights action against the State of New York and the Cortland County District Attorney pursuant to 42 U.S.C. § 1983.[1] For the reasons that follow, I grant Plaintiff's application to

---

[1] Plaintiff has filed two additional § 1983 actions. They are *William Phillips v. Cortland County Sheriff's Department*, No. 5:13-cv-00955 (LEK/TWD), and *William Phillips v. Cortland City Police*, No. 5:13-cv-00956 (GLS/TWD). There is insufficient factual content in any of the three complaints to conclude with certainty that the suits they are related. In his suit against the Cortland County Sheriff's Department, Plaintiff alleged that he was subjected to cruel and unusual punishment when the Sheriffs Department knowingly placed his life in jeopardy by informing inmates why he was in jail. I have recommended that the Plaintiff's Complaint in that case be dismissed because the Sheriff's Department, as an administrative arm of Cortland County, cannot be sued, and Plaintiff failed to state a claim against Cortland County. I have,

proceed *in forma pauperis* and recommend the *sua sponte* dismissal with prejudice of his Complaint.

I.   **ALLEGATIONS OF THE COMPLAINT**

Plaintiff claims that at an unspecified point in time, Defendants: (1) used false statements in a court of law; (2) were guilty of mental cruelty; (3) were verbally abusive; and (4) engaged in improper actions as officers of the court. (Dkt. No. 1 at ¶ 4.) Plaintiff has alleged that his counsel tried to have the improper actions taken by the officers of the court[2] stopped, and that all of counsel's requests were disregarded by the judge. *Id*. at ¶ 5. Plaintiff also contends that the officers of the court continued to use the victim's statement in court even though they knew it was false. *Id*. Plaintiff seeks damages in the amount of $200,000,000. *Id.* at ¶ 6.

II.   **PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

A court may grant *in forma pauperis* status if a party "is unable to pay " the standard fee

---

however, recommended that the dismissal be without prejudice, and that Plaintiff be given an opportunity to file an amended complaint naming the individual members of the Sheriff's Department allegedly involved in telling other inmates why Plaintiff was in jail as defendants and setting forth factual allegations sufficient to state a claim under § 1983.

Plaintiff's sole allegation in his suit against the Cortland City Police is that the Police Department did not allow him to press charges against others who had done him wrong. I have recommended that the district court dismiss Plaintiff's Complaint because, as an administrative arm of the City of Cortland, the Police Department cannot be sued, and Plaintiff failed to state a claim against the City of Cortland. I recommended that dismissal of Plaintiff's Complaint in that action be with prejudice because the law is clear that there is no constitutional right to press criminal charges against another individual. Thus, a better pleading could not cure the deficiency in Plaintiff's claim. *See Sipe v. Harder*, No. 9:08-CV-1365 (FJS/ATB), 2010 WL 3418382, at *12, 2010 U.S. Dist. LEXIS 88416, at *39 (N.D.N.Y. Aug. 4, 2010).

[2]  For purposes of my initial review, I will assume that the "officers of the court" referred to by Plaintiff, are the Cortland County District Attorney and assistant district attorneys who were involved in handling criminal charges against Plaintiff.

for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's *in forma pauperis* application, I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is granted.

### III.   LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to

state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## IV. ANALYSIS

### A. Claim Against New York State

Section 1983 provides in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

To state a claim under Section 1983, a plaintiff must allege that the challenged conduct (1) was "committed by a person acting under color of state law," and (2) "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)), *cert. denied*, ___ U.S. ___, 131 S. Ct. 158 (2010)). Plaintiff's Complaint is devoid of allegations concerning Defendant New York State. In the Second Circuit "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir. 1977).

Plaintiff could not state a § 1983 claim against New York State in any event because the State is protected by sovereign immunity under the Eleventh Amendment to the United States Constitution. "As a general matter, states enjoy sovereign immunity from suits in federal court, even if the claim arises under federal law." *KM Enterprises, Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013). States may only be sued in federal court when (1) the state has waived its immunity; (2) Congress has acted to abrogate state sovereign immunity by appropriate

5

legislation; or (3) a plaintiff is suing a state official in his or her official capacity for prospective injunctive relief. U.S. Const. amend. XI; *Va. Office for Prot. & Advocacy v. Stewart*, ___ U.S. ___, 131 S. Ct. 1632, 1638 (2011). New York has not waived its sovereign immunity in § 1983 lawsuits, nor has Congress abrogated the State's immunity. *See Vincent v. Yelich*, 718 F.3d 157, 177 (2d Cir. 2013) (holding that "suits against [New York] State under § 1983 are barred by sovereign immunity.").

Plaintiff has clearly failed to set forth facts stating a facially plausible § 1983 claim against the State of New York. *See Iqbal*, 556 U.S. at 678. Even if Plaintiff had stated a § 1983 claim against the State, it would be barred by the State's Eleventh Amendment immunity. Therefore, I not only recommend that Plaintiff's Complaint be dismissed as against New York State, but that the dismissal be with prejudice because the State's immunity from liability is substantive and not something that can be corrected by a better pleading. *See Cuoco*, 222 F.3d at 112; *see also Sundwall v. Leuba*, No. Civ.A.300CV1309 (JCH), 2001 WL 58834, at *11, 2001 U.S. Dist. LEXIS 737, at *34 (D. Conn. Jan. 23, 2001) (dismissing claim on Eleventh Amendment immunity grounds and denying leave to replead on futility grounds), *aff'd,* 28 F. App'x. 11 (2d Cir. 2001).

      **B.**     **Claim Against the Cortland County District Attorney**

Plaintiff has named the Cortland County District Attorney ("District Attorney") as a Defendant. (Dkt. No. 1.) Plaintiff claims that the District Attorney used false statements in court, and more specifically, that he knew the victim's statement was false and continued to use it in court. *Id*. at ¶ 5. "Because a public prosecutor cannot zealously perform the prosecutorial duties of the office if compelled to work under the constant threat of legal reprisals, such official

6

is shielded from liability for civil wrongs by the doctrine of absolute immunity." *Hill v. City of New York*, 45 F.3d 653, 656 (2d Cir. 1995). The Second Circuit explained in *Hill*, *id*. at 660-61 that:

> In determining whether absolute immunity obtains, we apply a "functional approach," looking at the function being performed rather than to the office or identity of the defendant. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268-69 (1993). State prosecutors are entitled to absolute immunity for that conduct "intimately associated with the judicial phase of the criminal process." *Imbler* [*v. Pachtman*, 424 U.S. 409[, 430 (1976)]. Thus, a district attorney is absolutely immune from civil liability for initiating a prosecution and presenting the case at trial. *Id*. at 430-31; *Buckley*, 509 U.S. at 273. Such official is also immune for conduct in preparing for those functions; for example, evaluating and organizing evidence for presentation at trial or to a grand jury, *Buckley*, 509 U.S. at 273, or determining which offenses are to be charged. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993). Prosecutorial immunity from § 1983 liability is broadly defined, covering "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994).

A prosecutor's presentation of false evidence, or subornation of perjury at trial, has been found to be protected by absolute immunity. *See Moye v. City of New York*, No. 11 Civ. 316 (PGG), 2012 WL 2569085, at *3, 2012 U.S. Dist. LEXIS 94078, at *27 (S.D.N.Y. Jul. 3, 2012); *Jones v. King,* No. 10 Civ. 0897 (PKC), 2011 WL 4484360, at *4, 2011 U.S. Dist. LEXIS 110980, at *11 (S.D.N.Y. Sept. 28, 2011) ("The claim that [the prosecutor] 'conspir[ed] to present false evidence at a criminal trial' is barred . . . . The prosecutor enjoys absolute immunity 'despite allegations of his knowing use of perjured testimony. . . .'") (citations omitted); *Urrego v. United States*, No. 00 CV 1203 (CBA), 2005 WL 1263291, at *2, 2005 U.S. Dist. LEXIS 42682, at *5 (E.D.N.Y. May 27, 2005) ("It is settled law that when a prosecutor presents

7

evidence to a grand jury and at trial he is acting as an advocate and entitled to absolute immunity on claims that the evidence presented was false."), *aff'd*, 186 F. App'x 97 (2d Cir. 2006); *see also Imbler*, 424 U.S. at 430-31 (granting prosecutors absolute immunity for their conduct "in presenting the state's case," including permitting a fingerprint expert to give false testimony, suppressing important evidence, and introducing a misleading artist's sketch into evidence).

Plaintiff has alleged no conduct by the Cortland County District Attorney or assistant district attorneys that falls outside the scope of prosecutorial immunity as defined by federal law. Therefore, I find that Plaintiff's claim is barred by absolute prosecutorial immunity and recommend that Plaintiff's Complaint be dismissed. Furthermore, because the District Attorney's prosecutorial immunity is substantive and not something that can be corrected by a better pleading, I recommend that the dismissal be with prejudice. *Cuoco*, 222 F.3d at 112; *see also Gssime v. Kawanta*, No. 12-CV-2533 (JS)(ETB), 2012 WL 3241431, at *3, 2012 U.S. Dist. LEXIS 110936, at *9-10 (E.D.N.Y. Aug. 2, 2012) (claim against district attorney dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A where plaintiff alleged no conduct by the defendant that fell outside the scope of prosecutorial immunity).

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be dismissed with prejudice; and it is hereby

**ORDERED** that the Clerk's Office provide Plaintiff with copies of all unpublished decisions cited herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: September 30, 2013
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge